# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JAMES CLIFTON COLE,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| ) | Case No. 7:19-CV-8030-SLB |
| vs. ) | Crim. Case No. 7:03-CR-214-SLB- |
| ) | JEO-1 |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## **MEMORANDUM OPINION**

This case is currently pending before the court on petitioner James Clifton Cole's *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 5).[1] Mr. Cole raises multiple grounds for relief, asserting that his guilty plea was invalid, that his counsel was ineffective, that he was improperly convicted under 18 U.S.C. § 924(c), and that he was illegally sentenced under a mandatory guideline scheme. (*Id.*). The government has filed a response in opposition to Mr. Cole's Section 2255 motion, arguing that his motion should be denied because it is time-barred and otherwise without merit. (Doc. 13). For the reasons set forth

---

[1] Citations to documents in the court's record in petitioner's Motion to Vacate appear as "(Doc. __)." Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 7:03-CR-214-SLB-JEO-1, appear as "(Crim. Doc. __)." Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

1

below, the court finds that Mr. Cole's motion to vacate is due to be denied and this action dismissed.

I.   **BACKGROUND**

In 2003, Mr. Cole and a codefendant were charged by indictment with one count of conspiracy to commit carjacking in violation of 18 U.S.C. § 371 (Count One), one count of carjacking in violation of 18 U.S.C. § 2119 (Count Two), and one count of discharging a firearm in furtherance of a crime of violence—namely, the carjacking charged in Count Two—in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Three). (Crim. Doc. 1). Mr. Cole pled guilty to Counts Two and Three of the indictment. (Crim. Doc. 23). On February 10, 2004, this court sentenced Mr. Cole to a total of 360 months' imprisonment, comprised of 240 months' imprisonment as to Count Two to be followed by a consecutive sentence of 120 months' imprisonment as to Count Three. (Crim. Doc. 36 at 2). Mr. Cole did not file a direct appeal.

On August 16, 2019, Mr. Cole sought post-conviction relief for the first time and initiated the instant action by filing a *pro se* "Motion to Vacate Judgement and Grant a New Trial Pursuant to Rule 60(b)(4), (6) of the Federal Rules of Civil Procedure." (Doc. 1; Crim Doc. 57). In the motion, Mr. Cole argued that a Rule 60(b) motion was the proper method to challenge the validity of his conviction and sentence; he asserted that his conviction and sentence were invalid because his

2

counsel was ineffective, his plea agreement was involuntary, his Section 924(c) conviction was improper because carjacking is not a crime of violence, and he was illegally sentenced under a mandatory sentencing scheme. *See generally* (Doc. 1). He also filed supplemental information asserting that the factual basis for his plea agreement was incorrect. (Doc. 2).

Because Mr. Cole challenged his conviction and sentence and had not previously filed a Section 2255 motion to vacate, this court entered an order finding that Mr. Cole's proper remedy was pursuant to Section 2255, rather than Rule 60(b); the court therefore recharacterized his motion as a Section 2255 motion to vacate his sentence. (Doc. 4). In that order, the court also directed Mr. Cole to file an amended Section 2255 motion setting forth all of his grounds for relief and explaining why the statute of limitations for his motion should be tolled. (*Id.*). Mr. Cole then filed the amended Section 2255 motion to vacate that is now before the court. (Doc. 5).

## II. DISCUSSION

In his difficult-to-decipher amended *pro se* Section 2255 motion, Mr. Cole argues that his conviction and sentence violated his constitutional rights, rendering his custody subject to collateral attack. (Doc. 5 at 2). Liberally construing Mr.

Cole's motion,[2] he raises four broad claims for relief:

    (1) his plea agreement violated his constitutional rights because it was not knowing and voluntary;

    (2) His counsel was ineffective throughout his criminal proceedings;

    (3) His conviction and sentence under Section 924(c) are unconstitutional because carjacking no longer qualifies as a predicate crime of violence; and

    (4) He was improperly sentenced under an illegal mandatory sentencing scheme.

(Doc. 5). Mr. Cole appears to assert that he should be entitled to equitable tolling of the statute of limitations for his claims—though he actually states that the court should "waive equitable tolling"—because the court should recognize and correct "any manifest injustice" and because of his "lack of intellect." (*Id.* at 3–4). He further asserts that, if his Section 2255 motion is not successful, he has very limited remedies. (*Id.* at 4). Mr. Cole also states that his delay in filing has not caused any prejudice and that "a dismissal without a <u>merits determination</u> would be inappropriate" because he was unaware of his rights due to his mental incompetence, indigence, and lack of legal representation. (*Id.* at 5) (emphasis in original). As to his claim related to Section 924(c), he asserts that the statute of limitations has not yet run because of the retroactive application of the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019). (*Id.* at 6).

---

    [2] *Pro se* pleadings are entitled to liberal construction. *Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000).

4

The government filed a response in opposition to Mr. Cole's amended Section 2255 motion. (Doc. 13). The government argues that, with the exception of Mr. Cole's Section 924(c) claim, all of his claims are due to be dismissed as time-barred. (*Id.* at 2–3). The government further asserts that, although Mr. Cole's Section 924(c) claim is timely, it must be denied on the merits because carjacking categorically qualifies as a predicate crime of violence supporting a conviction under Section 924(c). (*Id.* at 6). Mr. Cole did not file a reply to the government's response.

Under Section 2255, a federal prisoner can collaterally attack the validity of his or her sentence and move the court "to vacate, set aside or correct the sentence." 28 U.S.C.A. § 2255(a). A one-year statute of limitations applies to motions filed pursuant to Section 2255, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Timeliness under Section 2255 is determined on a claim-by-claim basis.  *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017).

    A.  *Claims One, Two, and Four*

In this case, Claims One, Two, and Four of Mr. Cole's Section 2255 motion are time-barred.  Mr. Cole has not alleged impediments created by the government or the discovery of new facts, so the only triggering events relevant in this case are the date when Mr. Cole's conviction became final and "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2255(f).  Apart from his third claim challenging his Section 924(c) conviction, Mr. Cole does not rely on any retroactively applicable rights newly recognized by the Supreme Court.  Accordingly, with the exception of Claim Three, the statute of limitations for all of Mr. Cole's claims began to run when his conviction became final.  *See id.*; *Beeman*, 871 F.3d at 1219.

The court entered judgment against Mr. Cole on February 10, 2004. (Crim. Doc. 36).  Mr. Cole did not file a direct appeal.  The Eleventh Circuit has held that "when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires."  *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir.

2011).  At the time of Mr. Cole's conviction, "a criminal defendant had ten days to file an appeal." *Id.*; Fed. R. Crim. App. 4(b)(1)(A) (2004).  Thus, Mr. Cole's conviction became final on February 20, 2004.  Unless Mr. Cole can show that he is entitled to equitable tolling, the statute of limitations on all of his claims except for his Section 924(c) claim lapsed one year later in February 2005. *See* 28 U.S.C. § 2255(f).

In the case of a time-barred Section 2255 motion, "equitable tolling 'is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)).  Thus, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Additionally, "allegations supporting equitable tolling must be specific and not conclusory." *Hutchinson v. Fla.*, 677 F.3d 1097, 1099 (11th Cir. 2012).

Equitable tolling is an "extraordinary remedy" that is applied "only sparingly" because a "fundamental purpose" for the Section 2255 provisions was "to establish finality in post-conviction proceedings." *Jones*, 304 F.3d at 1038–39.  Neither a lack of legal education nor confusion and ignorance regarding the law

qualify as extraordinary circumstances warranting equitable tolling. *Perez v. Fla.*, 519 F. App'x 995, 997 (11th Cir. 2013). A factual showing of mental incapacity or impairment also is "not *per se* a reason to toll a statute of limitations"; to serve as a basis for equitable tolling, "the alleged mental impairment must have affected the petitioner's ability to file a timely habeas petition." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Thus, a movant must show "a causal connection between his alleged mental incapacity and his ability to file a timely petition." *Lawrence v. Fla.*, 421 F.3d 1221, 1226–27 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007).

A petitioner seeking equitable tolling based on a mental impairment must also demonstrate that he acted with "an appropriate degree of diligence for someone in his situation." *Myers v. Allen*, 420 Fed. App'x. 924, 927 (11th Cir. 2011) (quoting *Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004)). To show diligence, "the petitioner must present evidence showing reasonable efforts to timely file his action." *Dodd*, 365 F.3d at 1282.

In this case, Mr. Cole argues that he should be entitled to equitable tolling because the court should "correct any manifest injustice," because of his "lack of intellect," and because his delay did not cause prejudice. (Doc. 5 at 3–5). He states that he suffers a serious mental illness that affects his comprehension and affected his ability to seek appeal on his own, but states that he asked his original

8

counsel to file an appeal and sought help from the Office of the Federal Public Defender after the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). (*Id.* at 5). He states that he was unaware of his rights due to mental incompetence, indigence, and lack of legal representation. (*Id.*). Mr. Cole submitted to the court a letter indicating that he has been participating in treatment for schizophrenia and antisocial personality disorder since October 2013. (Doc. 3 at 2).

Mr. Cole's generalized assertions of lack of intellect, mental illness, and mental incompetence fail to meet his burden of showing that he should be entitled to equitable tolling. *See Pace*, 544 U.S. at 418. As an initial matter, any lack of understanding of Mr. Cole's rights caused by mere confusion and ignorance regarding the law does not warrant equitable tolling. *See Perez*, 519 F. App'x at 997. Further, Mr. Cole's assertions that he suffers from mental illness and impairment do not *per se* warrant the application of equitable tolling and he cannot show that his particular situation merits tolling. *See Hunter*, 587 F.3d at 1308.

First, Mr. Cole provides little factual evidence regarding the extent of his alleged mental illness and impairments beyond a letter indicating that he has been in treatment for schizophrenia and antisocial personality disorder since 2013. *See* (Doc. 5); (doc. 3). Mr. Cole details no specifics of impairments; he provides little to no information about the extent of his alleged lack of intellect—for instance,

9

information about his IQ or his specific intellectual capacities—or about the practical effects of his schizophrenia and antisocial personality disorder. He also does not indicate whether he did not need treatment until 2013 or whether he has improved upon receiving treatment. Thus, his assertions are impermissibly conclusory, rather than specific. *See Hutchinson*, 677 F.3d at 1099. His conclusory allegations also fail to explain how the alleged impairments affected his ability to seek relief, such that he cannot show "a causal connection between his alleged mental incapacity" and his ability to timely file a motion to vacate his sentence. *See Hunter*, 587 F.3d at 1308; *Lawrence*, 421 F.3d at 1226–27. Accordingly, Mr. Cole cannot show that extraordinary circumstances prevented him from timely filing his motion. *See Pace*, 544 U.S. at 418.

Even if Mr. Cole could show extraordinary circumstances, he could not make the requisite showing that he acted with "an appropriate degree of diligence for someone in his situation." *Myers v. Allen*, 420 Fed. App'x. at 927. While the court might not necessarily expect someone in Mr. Cole's situation to diligently pursue their rights by filing an impeccable Section 2255 motion within the applicable one-year statute of limitations, the court would expect some sort of effort or attempt to inquire into his rights to contest his sentence in a relatively timely fashion. Mr. Cole's motion indicates that the only times that he tried to take action to pursue his rights were when he asked his counsel to file a direct appeal

10

after his original conviction in 2004 and when he reached out to the Office of the Federal Public Defender after the Supreme Court issued its *Dimaya* decision in 2018. Mr. Cole does not assert that he took any action to try to find out how to challenge his conviction and sentence in the intervening 14 years. Based on that failure to act for more than a decade, the court finds that Mr. Cole has not presented evidence that he made "reasonable efforts to timely file his action." *Dodd*, 365 F.3d at 1282. Accordingly, Mr. Cole has failed to meet his burden of showing that he is entitled to equitable tolling; thus, all of his claims except for his Section 924(c) claim are time-barred.

## B. *Claim Three*

Unlike the statute of limitations for the rest of his claims, the statute of limitations for Mr. Cole's third claim, arising under Section 924(c), does not run from the date that his conviction became final. In his motion, Mr. Cole states that the statute of limitations has not yet run because of the Supreme Court's decision in *Davis*, which invalidated part of Section 924(c). *See Davis*, 139 S. Ct. at 2336. The government concedes that the claim is timely. (Doc. 13 at 4). The court agrees.

The Eleventh Circuit has held that *Davis* "is a new rule of constitutional law and that the Supreme Court has made it retroactive to cases on collateral review." *In re Pollard*, 931 F.3d 1318, 1320 (11th Cir. 2019) (citing *In re Hammoud*, 931

11

F.3d 1032, 1037–38 (11th Cir. 2019)).  Thus, the Supreme Court's issuance of *Davis* triggers the statute of limitations under Section 2255(f)(3).  *See Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012) (stating that "a court other than the Supreme Court may determine retroactivity under § 2255(f)(3)").  The Supreme Court issued *Davis* on June 24, 2019.  *Davis*, 139 S. Ct. 2139.  Mr. Cole originally filed his Section 2255 motion on August 22, 2019—well within one year of the issuance of *Davis*.  (Doc. 1).  Accordingly, Mr. Cole's Section 924(c) claim is not time-barred.  *See* 28 U.S.C. § 2255(f)(3).

However, Mr. Cole's third claim fails on the merits.  Mr. Cole argues that his Section 924(c) conviction is invalid because carjacking does not qualify as a predicate crime of violence under Section 924(c) in light of recent Supreme Court precedent in *Davis* and its predecessors.  Section 924(c) criminalizes the use or possession of a firearm during and in relation to a crime of violence or drug trafficking crime.  18 U.S.C. § 924(c)(1)(A).  Section 924(c)(3) defines a "crime of violence" as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  Section 924(c)(3)(A) is often referred to as the "elements

clause," while Section 924(c)(3)(B) is referred to as the "residual clause." *See Davis*, 139 S. Ct. at 2324 (noting that Section 924(c) "define[s] the term 'crime of violence' in two subparts—the first known as the elements clause, and the second the residual clause"). In *Davis*, the Supreme Court struck down the residual clause of Section 924(c)(3)(B) as unconstitutionally vague. *Davis*, 139 S. Ct. at 2336.

Nevertheless, Mr. Cole is not entitled to relief. *Davis* invalidated only the residual clause in Section 924(c)(3)(B), not the elements clause in Section 924(c)(3)(A). *See generally Davis*, 139 S. Ct. 2319. "A federal prisoner raising a *Davis* claim cannot show that he was sentenced under § 924(c)'s residual clause if current binding precedent clearly establishes his predicate offense qualifies as a crime of violence under the elements clause." *Levatte v. United States*, 805 F. App'x 658, 659 (11th Cir.), *cert. denied*, 141 S. Ct. 404 (2020) (citing *In re Pollard*, 931 F.3d at 1321). The Eleventh Circuit has held via binding precedent that carjacking in violation of Section 2119, the predicate "crime of violence" for Mr. Cole's Section 924(c) conviction, categorically qualifies as a crime of violence under Section 924(c)'s elements clause. *In re Smith*, 829 F.3d 1276, 1280–81 (11th Cir. 2016). Accordingly, *Davis* did not invalidate Mr. Cole's Section 924(c) conviction and Mr. Cole is not entitled to relief.

### III. CONCLUSION

Because all but one of Mr. Cole's claims are time-barred and his remaining

claim is foreclosed by binding precedent, the court **will DENY** Mr. Cole's amended Section 2255 motion to vacate his sentence, (doc. 5). An Order denying the motion to vacate and dismissing the action will be entered contemporaneously with this Memorandum Opinion.

## CERTIFICATE OF APPEALABILITY

Rule 11 of the Rules Governing Section 2255 Proceedings, provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The applicant for Section 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). And, the "certificate of appealability may issue . . . *only* if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (emphasis added). To make a substantial showing of the denial of a constitutional right, the applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations and internal quotations omitted).

Mr. Cole's Section 2255 motion to vacate his sentence is time-barred and without merit based on binding Eleventh Circuit precedent; reasonable jurists

could not disagree.  He has not demonstrated that the issues he raises are reasonably debatable and/or deserve encouragement to proceed further.  Therefore, issuance of a certificate of appealability is not warranted in this case.

    **DONE** and **ORDERED** this 23rd day of April, 2021.

*Sharon Lovelace Blackburn*
-----------------------------------
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE